Clayton L. Everett, TSBN 24065212
NORRED LAW PLLC
515 E. Border St., Arlington, TX 76010
P: 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, E: clayton@norredlaw.com
Attorney for Defendant

# United States Bankruptcy Court
## Northern District of Texas
## Fort Worth Division

| | |
|---|---|
| In Re: | Case No. 24-40553-elm |
| Jacob Cannon Jr., Debtor. | Chapter 7 |
| Tina Wilson, Plaintiff | |
| v. | Adv. No. 24-04034-elm |
| Jacob Cannon Jr., Defendant. | Judge Edward L. Morris |

### DEFENDANT JACOB CANNON JR.'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant Jacob Cannon, Jr. files this Response to Plaintiff's Motion for Summary Judgment and respectfully shows the Court as follows:

### I. Procedural Posture

Plaintiff seeks summary judgment under 11 U.S.C. § 523(a)(6) based on a state-court judgment entered after a bench trial. Defendant acknowledges that the state-court appeal has now concluded and that abatement or further delay of this adversary proceeding is no longer requested.

This Response is filed to preserve Defendant's procedural rights and to ensure that any ruling is appropriately limited to the issues necessary for resolution of Plaintiff's § 523(a)(6) claim.

## II. Summary Judgment Standard

Summary judgment is appropriate only where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Fed. R. Bankr. P. 7056. The Court must construe the record in the light most favorable to the non-movant and limit its ruling to matters properly before it.

## III. Scope of the Court's Ruling

Defendant respectfully requests that, if the Court grants summary judgment, its ruling be narrowly confined to the specific nondischargeability determination under § 523(a)(6), and that the Court refrain from making findings or conclusions beyond those necessary to resolve that statutory issue.

In particular, Defendant requests that the Court:

1. Base its ruling solely on the existence and legal effect of the state-court judgment for purposes of § 523(a)(6);

2. Avoid unnecessary factual findings or credibility determinations beyond those already reflected in the judgment;

3. Limit the scope of its ruling to the dischargeability of the debt, without addressing issues of enforcement, collection, or post-judgment remedies.

## IV. Preservation of Rights

By filing this Response, Defendant does not concede the legal correctness of the state-court judgment or waive any rights that may exist in other forums. This Response is submitted solely to address the procedural posture of the Motion for Summary Judgment and to preserve Defendant's rights with respect to the form and scope of any order entered by this Court.

## V. Conclusion

Defendant respectfully requests that the Court consider this Response in ruling on Plaintiff's Motion for Summary Judgment and, if summary judgment is granted, enter a narrowly tailored order limited to the nondischargeability determination under 11 U.S.C. § 523(a)(6).

Respectfully submitted:

By: __/s/ Clayton L. Everett____
      Clayton L. Everett
State Bar No. 24065212
clayton@norredlaw.com
NORRED LAW, PLLC
515 E. Border St.
Arlington, Texas 76010
Telephone: (817) 704-3984
Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2026, a true and correct copy of the above answer was served via electronic means through the Court's ECF system to the following:

*Counsel for Plaintiff Tina Wilson:*

Jonathan Wharton
BRAD THOMAS LAW OFFICE, PLLC
P.O. Box 472027
Fort Worth, TX 76147
Email: jon@bradthomaslawoffice.com

   */s/ Clayton L. Everett*