

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 19, 2026**

_____
**United States Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 24-40553-ELM |
| JACOB CANNON, JR., | § | |
| | § | Chapter 7 |
| Debtor. | § | |
| | § | |
| TINA WILSON, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Adversary No. 24-04034 |
| | § | |
| JACOB CANNON, JR., | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

On May 7, 2024, Plaintiff Tina Wilson ("**Plaintiff**") initiated this adversary proceeding with the filing of her *Complaint* [Docket No. 1] (the "**Complaint**") against Defendant Jacob Cannon, Jr. ("**Defendant**"). Pursuant to the Complaint, Plaintiff has asserted a claim of nondischargeability against Defendant (the "**Nondischargeability Claim**"), whereby Plaintiff seeks the Court's determination that the debt owed by Defendant to Plaintiff pursuant to that certain *Final Judgment* entered in Cause No. CC-21-02654-D, County Court at Law No. 4, Dallas County, Texas (the "**Judgment Debt**") is nondischargeable pursuant to 11 U.S.C. § 523(a)(6). On October 9, 2024, in opposition to the Complaint, Defendant filed his *Amended Answer to the Complaint of Tina Wilson Seeking Objection to Discharge* [Docket No. 14] (the "**Answer**").

On February 6, 2026, Plaintiff filed a *Motion for Summary Judgment* [Docket No. 27] (the "**Motion**") to request the Court's entry of summary judgment on the Nondischargeability Claim pursuant to Fed. R. Civ. P. 56 (made applicable to this adversary proceeding pursuant to Fed. R. Bankr. P. 7056) and N.D. Tex. L.B.R. 7056-1.  The Motion includes Plaintiff's brief in support [Docket No. 27-1] and an appendix with supporting documentation [Docket No. 27-2].   On February 13, 2026, in opposition to the Motion, Defendant filed *Defendant Jacob Cannon Jr.'s Response to Plaintiff's Motion for Summary Judgment* [Docket No. 29] (the "**Response**").

On March 28, 2026, the Court conducted a hearing on the Motion.  At such hearing, respective counsel for the Plaintiff and the Defendant appeared and presented argument to the Court.  At the conclusion of the hearing, having considered the Complaint, the Answer, the Motion, the Response, and the representations and arguments of counsel, for reasons set out in the Motion and orally announced on the record at the hearing, which are incorporated herein by reference, the Court announced on the record that the Motion would be granted, having found no genuine dispute as to any material fact and that the Plaintiff is entitled to judgment as a matter of law.

Thus, based upon the foregoing, it is hereby:

**ORDERED** that the Motion is GRANTED; it is further

**ORDERED** that, by separate Final Judgment, Plaintiff shall be awarded judgment against Defendant on her Nondischargeability Claim, thereby resulting in the Judgment Debt being determined to be nondischargeable pursuant to 11 U.S.C. § 523(a)(6) and excluded from the bankruptcy discharge granted to Defendant in his underlying bankruptcy case, Case No. 24-40553.

### # # #   END OF ORDER   # # #